**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIVA STEIN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, and JAMES H. LANGMEAD, <br><br> Defendants. | No. 1:19-cv-06873-LGS <br><br> Judge Lorna G. Schofield <br><br> <u>CLASS ACTION</u> <br><br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF NORFOLK COUNTY RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ..................................................................................................... 3

ARGUMENT ............................................................................................................................... 5

I.    NORFOLK SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 5

      A.    The PSLRA Standard for Appointing Lead Plaintiff ............................................. 5

      B.    Norfolk Is the "Most Adequate Plaintiff" .............................................................. 6

            1.    Norfolk's Motion Is Timely ......................................................................... 6

            2.    Norfolk Has a Substantial Financial Interest .............................................. 7

            3.    Norfolk Satisfies Rule 23's Typicality and Adequacy
                  Requirements ............................................................................................... 7

                  a.    Norfolk's Claims Are Typical of Those of the Class ...................... 8

                  b.    Norfolk Satisfies the Adequacy Requirement of Rule 23 .............. 8

            4.    Norfolk Is Precisely the Type of Lead Plaintiff Congress
                  Envisioned When It Passed the PSLRA ..................................................... 9

II.   NORFOLK'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ................. 10

CONCLUSION .......................................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)........................................................................................10

*In re Elan Corp. Sec. Litig.*,
   No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009) ...............................8

*Faig v. Bioscrip, Inc.*,
   No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)...........................7, 8

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ...................................................................................2

*Kemp v. Universal Am. Fin. Corp.*,
   No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ...................................7

*In re KIT Dig., Inc. Sec. Litig.*,
   293 F.R.D. 441 (S.D.N.Y. 2013) .................................................................................10

*Kux-Kardos v. VimpelCom, Ltd.*,
   151 F. Supp. 3d 471 (S.D.N.Y. 2016)............................................................................7

*Micholle v. Ophthotech Corp.*,
   No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018).........................6, 8, 10

*Randall v. Fifth St. Fin. Corp.*,
   No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ......................................................7

*Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014).............................................................................10

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
   No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016).................................7

**Rules & Statutes**

Fed. R. Civ. P. 23 .............................................................................................. *passim*

15 U.S.C. § 78u-4 *et seq.* .................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-08141 (S.D.N.Y.)........................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08-md-01963 (S.D.N.Y.) ...................................................................................11

*In re Fannie Mae 2008 Sec. Litig.*,
No. 08-cv-07831 (S.D.N.Y.)....................................................................................11

*Medoff v. CVS Caremark Corp.*,
No. 09-cv-0554 (D.R.I.) ..........................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
No. 09-md-02027 (S.D.N.Y.) ...................................................................................11

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................9, 10

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679....................................................2

Proposed Lead Plaintiff Norfolk County Retirement System ("Norfolk") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) appointing Norfolk as Lead Plaintiff on behalf of the Class of all persons other than Defendants who purchased or otherwise acquired Eagle Bancorp, Inc. ("Eagle Bancorp" or the "Company") securities between March 2, 2015 and July 17, 2019, both dates inclusive (the "Class Period"); (ii) approving Norfolk's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

Norfolk—a sophisticated institutional investor—respectfully submits that it should be appointed Lead Plaintiff on behalf of all investors who acquired Eagle Bancorp securities during the Class Period (the "Class"), and who were damaged as a result of Defendants' alleged fraud. The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act against Eagle Bancorp and certain of its executive officers (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Norfolk respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Norfolk incurred

1

losses of **$116,713.58** on its Class Period transactions in Eagle Bancorp securities as calculated

on a last-in-first-out ("LIFO") basis.[1]  Accordingly, Norfolk has a substantial financial interest in

directing this litigation and recovering losses attributable to Defendants' violations of federal

securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Norfolk also

meets the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the

same course of events as those of the other Class members, (ii) it relies on similar legal theories

to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to

vigorously prosecuting the Action.  Furthermore, the PSLRA's legislative history shows that a

large, sophisticated institutional investor like Norfolk is precisely the type of investor that

Congress intended to empower to lead securities class action litigation.  *See* H.R. Conf. Rep. No.

104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6

(1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls.*

*Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase

the likelihood that institutional investors would serve as lead plaintiffs in actions such as this

one") (citation omitted).

Finally, pursuant to the PSLRA, Norfolk respectfully requests that the Court approve the

selection of Labaton Sucharow Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v)

("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain

---

[1]    A copy of the Certification of Norfolk, signed by Kathleen Kiely-Becchetti, Executive Director of Norfolk ("Certification"), is attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl.").  The Certification sets forth all transactions of Norfolk in Eagle Bancorp securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Norfolk on its Class Period transactions in Eagle Bancorp securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

2

counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Norfolk respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND

Eagle Bancorp is a Maryland corporation headquartered in Bethesda, Maryland and serves as a holding company for EagleBank (the "Bank"). The Bank operates twenty banking offices throughout Maryland, the District of Columbia and Virginia. The Bank offers a broad range of commercial banking services to its business and professional clients, as well as full service consumer banking services to individuals living and/or working primarily in the Bank's market area. The Bank's loan portfolio consists primarily of traditional business and real estate secured loans. Eagle Bancorp, which is one of the largest commercial lenders in the Washington region, ended 2018 with $8.4 billion in assets and almost $7 billion in deposits.

On December 1, 2017, *Aurelius Value*, an anonymous short selling organization, published a report titled "Eagle Bancorp's Insider Loan Scheme Exposed." The report detailed evidence of an alleged insider loan scheme involving the CEO and certain board members. Specifically, the report alleged that the president, CEO, chairman of the board, and founder of Eagle Bancorp, Ronald D. Paul ("Defendant Paul"), used the Company to issue large preferential loans in excess of more than $180 million in exchange for being personally awarded cheap equity stakes in certain Eagle Bancorp customers. The report also alleged that Defendant Paul had used the Bank to fund the growth of his personal companies. The report alleged that to conceal this self-dealing from Federal regulators, starting at least June of 2015, Defendant Paul

3

began to pressure recipients of the loans to sign retroactive documents that Defendant Paul said he needed in order to "'demonstrate 'legitimacy' to the Federal Reserve during routine audits." Eagle Bancorp issued a press release that same day categorically denying the allegations and describing the analyst report as "deceptive and materially misleading."

On this news, Eagle Bancorp's stock price fell $16.2 per share, or nearly 25 percent on unusually high trading volume.

On March 8, 2019, a week after the release of the Company's 2018 10-K, media outlets began reporting on Eagle Bancorp's connection to an ethics probe into Washington D.C. Council member Jack Evans ("Evans").  The *Washington Post* published an article titled "D.C. Council, Bowser administration receive federal subpoenas in Jack Evans ethics probe," which stated, in relevant part that the D.C. Council and the administration of Mayor Muriel E. Bowser had received federal subpoenas for a wide range of information related to council member Jack Evans and his constellation of private legal and consulting clients.  The article reported that Defendant Paul was named in the subpoena.  Two weeks later, on March 21, 2019, Defendant Paul, resigned, effective immediately, citing undisclosed "health issues."

On July 17, 2019, Eagle Bancorp reported its quarterly results for the period ended June 30, 2019.  In the press release announcing the results, the Company disclosed a 26% increase in legal, accounting, and professional fees to $2.7 million related substantially to Eagle Bancorp's engagement of independent accounting, legal and compliance consultants engaged in various "investigations" for the Company in addition to consulting costs to "enhance the Company's governance and risk management systems."  The expenses related primarily to legal fees and expenditures in connection with responses to investigations and related document requests and subpoenas from government agencies "examining matters, including the Company's

4

identification, classification and disclosure of related party transactions; the retirement of certain former officers and directors; and the relationship of Eagle Bancorp and certain of its former officers and directors with a local public official."  The Company also disclosed that it expected to incur elevated levels of legal and professional fees and expenses for at least the remainder of 2019.

On this news, Eagle Bancorp's stock price fell $14.30 per share, or nearly 27 percent on unusually high trading volume.

## ARGUMENT

### I. NORFOLK SHOULD BE APPOINTED LEAD PLAINTIFF

Norfolk respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A. The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp*., No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018). Under the framework established by the PSLRA, Norfolk is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Norfolk Is the "Most Adequate Plaintiff"

#### 1. Norfolk's Motion Is Timely

Norfolk filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely-circulated, national, business-oriented news wire service, on July 24, 2019. *See* Notice, McConville Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before September 23, 2019. Norfolk filed its motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

### 2.      Norfolk Has a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Norfolk incurred a substantial loss of **$116,713.58** on its transactions in Eagle Bancorp securities on a LIFO basis during the Class Period.  *See* Loss Analysis, McConville Decl., Ex. B; *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff").  Accordingly, Norfolk has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.      Norfolk Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See In re Third Ave. Mgmt. LLC Sec. Litig.,* No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016).  At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *see also Faig*, 2013 WL 6705045, at *3 ("[A]t this stage of the litigation, a moving plaintiff must only make a preliminary showing that the adequacy and typicality requirements have been met.") (citation omitted).  Here, Norfolk unquestionably satisfies both requirements.

7

### a.    Norfolk's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig*, 2013 WL 6705045, at *3. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Norfolk's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Norfolk alleges that Defendants made material misstatements and omissions regarding Eagle Bancorp's internal controls and procedures and compliance policies in violation of the federal securities laws. Norfolk, as did all of the members of the Class, purchased Eagle Bancorp securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Because Norfolk's claims arise from the same course of events as do the claims of other class members, the typicality requirement is satisfied. *See Ophthotech*, 2018 WL 1307285, at *6.

### b.    Norfolk Satisfies the Adequacy Requirement of Rule 23

Norfolk likewise satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in this District assess a movant's adequacy based on: "(1) the size, available resources and experience of the proposed lead plaintiff; (2) the qualifications of the proposed class counsel; and (3) any potential conflicts or antagonisms rising among purported class members." *In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009) (citing *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 MDL No. 1963(RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009)).

Norfolk will fairly and adequately represent the interests of the proposed Class. Norfolk

unquestionably has resources sufficient to pursue the above-captioned action to a successful conclusion.  Norfolk has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).

Furthermore, no antagonism exists between Norfolk's interests and those of the absent Class members; rather, the interests of Norfolk and Class members are squarely aligned.  Norfolk suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action.

Finally, there is no proof that Norfolk is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Norfolk satisfies the adequacy requirement.

### 4.    Norfolk Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Norfolk—a large, sophisticated institutional investor—is precisely the type of investor Congress envisioned, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation.  *See id.* at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.  To

this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions. *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd. (China Mobile)*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"); *In re KIT Dig., Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs").

Norfolk is the paradigmatic lead plaintiff as contemplated by the PSLRA. Norfolk's understanding of the responsibilities of a lead plaintiff is based, in part, on its extensive experience serving as lead plaintiff in securities class actions and its demonstrated history of securing recoveries on behalf of defrauded investors, which will benefit the Class. *See, e.g., Medoff v. CVS Caremark Corp.*, No. 09-cv-0554 (D.R.I.) (Norfolk secured a $48 million recovery as co-lead plaintiff with Labaton Sucharow serving as co-lead counsel).

Accordingly, Norfolk has the sophistication and resources necessary to effectively litigate this matter and supervise Class counsel.

## II.    NORFOLK'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Norfolk has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors, including noteworthy cases in this District. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Norfolk's selection of Labaton Sucharow as Lead Counsel for the Class. The Court can be assured that, by approving Norfolk's choice of counsel, the Class will receive the highest caliber of representation.

**CONCLUSION**

For the foregoing reasons, Norfolk respectfully requests that the Court grant its motion and enter an Order: (i) appointing Norfolk as Lead Plaintiff; (ii) approving Norfolk's selection of Labaton Sucharow as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED: September 23, 2019                                      Respectfully submitted,

                                                                              */s/ Francis P. McConville*

                                                                              Christopher J. Keller

11

Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant
Norfolk County Retirement System,
and Proposed Lead Counsel for the
Class*