**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SHIVA STEIN, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>   v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, and JAMES H. LANGMEAD,<br><br>     Defendants. | Case No. 1:19-cv-06873-LGS |

**MEMORANDUM OF LAW OF ANTHONY CASSINELLI,**
**AS TRUSTEE OF THE DANILEE CASSINELLI TRUST DTD 7-23-93,**
**IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT**
**AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant Anthony Cassinelli, as Trustee of the Danilee Cassinelli Trust DTD 7-23-93, ("Cassinelli" or "Movant") submits this memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 7); and in opposition to the two competing motions filed by other putative class members (Dkt. Nos. 10, 14).[1]

## I.    PRELIMINARY STATEMENT

Three movants filed competing motions for appointment as lead plaintiff and approval of counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 7, 10, 14.[2] With respect to the lead plaintiff determination, the question presently before the Court is which of these movants is the "most adequate plaintiff"—i.e., the movant or movant group "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (hereinafter "Rule 23"). 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in Movant's memorandum of points and authorities in support of his lead plaintiff motion (Dkt. No. 8), Movant has the largest financial interest in the relief sought by

---

[1] The two competing movants submitted notices informing the Court that they do not oppose Movant's motion on October 7, 2019. *See* Dkt. Nos. 21, 22.

[2] One of the lead plaintiff movants, David Armitage, has since filed a notice informing the Court that he does not oppose the competing motions because he recognizes that he does not have the largest financial interest among the various movants. *See* Dkt. No. 21.

the class and satisfies the requirements of Rule 23. As such, Movant is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since Movant is the presumptively most adequate plaintiff, and the presumption has not been—and, Movant submits, cannot be—rebutted, Movant should be appointed as lead plaintiff, and his selection of counsel should be approved.[3]

## II.   ARGUMENT

### A.   The PSLRA-Mandated Procedure for Appointing a Lead Plaintiff

The PSLRA directs courts to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," *i.e.*, the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the movant or group of movants that "has either filed the complaint or made a motion," "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

After a presumptively most adequate plaintiff is identified, the Court must then determine if the presumption has been rebutted through "proof" by a member of the purported plaintiff class that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is not rebutted, the presumptively most adequate plaintiff should be appointed as lead plaintiff.

---

[3] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

### B.        Movant Is The Presumptively Most Adequate Plaintiff

Movant satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Movant filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 7; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa). Second, Movant satisfies the requirements of Rule 23, as demonstrated in Movant's memorandum of law in support of his lead plaintiff motion. *See* Dkt. No. 8 at 6-7; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, Movant has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb).

While the PSLRA does not specify a means of calculating the "largest financial interest" among movants, courts typically consider: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436-37 (S.D.N.Y. 2008). Of these factors, losses suffered is the most important. *See id.* at 437; *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) ("Financial loss, the last factor, is the most important element of the test."). Most courts agree that the preferred method to calculate financial losses requires Class Period sales to be matched to purchases on a last in/first out (LIFO) basis. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100-102 (S.D.N.Y. 2005). Indeed, LIFO is the preferred accounting method because it "has been used not only for lead plaintiff calculations, but also to determine compensation amounts for stockholders suffering losses due to securities fraud." *Id.* at 101.

Movant has the largest financial interest of all competing movants based on every factor identified above. The following chart illustrates Movant's position under the relevant factors as compared to the competing movants:[4]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Net Loss (LIFO)[5] |
|---|---|---|---|---|
| Anthony Cassinelli | 13,000 | 13,000 | $689,441.10 | $159,182.40 |
| Norfolk County Retirement System | 10,500 | 10,500 | $545,741.35 | $117,455.48 |
| David Armitage | 300 | 300 | $17,505.00 | $5,533.92 |

Movant purchased more shares (both gross and net) during the Class Period than any other movant. Movant also expended more funds and suffered a larger LIFO loss than any other movant. As such, Movant has the largest financial interest in the relief sought by the class.

Since Movant has the largest financial interest in the relief sought by the class, filed a timely motion, and satisfies the requirements of Rule 23, he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

**C.    The Presumption that Movant Is the Most Adequate Plaintiff Has Not Been Rebutted**

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that Movant would be inadequate or subject to unique defenses. As such, Movant should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338,

---

[4] The data included in the chart is derived from the movants' respective loss charts (Dkt. Nos. 9-3, 13-2, 17-1).

[5] These losses are normalized using the average closing price from July 18, 2019 to September 20, 2019.

344 (S.D.N.Y. 2009) (the lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

### D. Movant's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the approval of the Court, *see* 15 U.S.C. § 78u-4(a)(3)(B)(v), and "[t]here is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Moreover, Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 9-4 (Glancy Prongay & Murray LLP firm résumé). The firm has more than 20 years of experience successfully representing injured investors. *See id.* By approving Movant's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, Movant's selection of lead counsel for the class should be approved. *See Kniffin v. Micron Tech., Inc.*, 379 F. Supp. 3d 259, 266 (S.D.N.Y. 2019) (approving Glancy Prongay & Murray LLP as lead counsel and finding the firm "competent and experienced").

### III. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his motion and enter an Order: (1) appointing Movant as lead plaintiff; (2) approving Movant's selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motions.

Dated: October 7, 2019

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, New York 10168
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

-and-

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Movant and [Proposed] Lead Counsel
for the Class*

6

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 7, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 7, 2019, at Los Angeles, California.

                                        *s/ Lesley F. Portnoy*
                                        Lesley F. Portnoy