**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

SHIVA STEIN, Individually and On Behalf  :
of All Others Similarly Situated,           :   INDEX NO.: 1:19-CV-06873-LGS

                                        :

                  Plaintiff,        :

                                        :

      -against-         :

                                        :

EAGLE BANCORP, INC., SUSAN G. RIEL, :
RONALD D. PAUL, CHARLES D.         :
LEVINGSTON, JAMES H. LANGMEAD,   :
and LAURENCE E. BENSIGNOR,      :

                                        :

              Defendants.     :

                                        :

-------------------------------------------------------X

**REQUEST FOR FULL CONTEXT REVIEW AND/OR
JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendants Eagle Bancorp, Inc. ("Eagle" or the "Company"), Susan G. Riel, Ronald D.

Paul, Charles D. Levingston, James H. Langmead, and Laurence E. Bensignor ("Defendants"),

hereby request that this Court consider the documents attached hereto, in support of their Motion

to Dismiss the Amended Class Action Complaint ("Motion to Dismiss") filed concurrently

herewith. For the reasons set forth below, consideration of the contents of the attached documents

("Ex. __") is both (1) required under substantive securities law and (2) permitted pursuant to the

incorporation-by-reference doctrine, Rule 201 of the Federal Rules of Evidence, and supporting

case law.

1

**ARGUMENT**

I.    **Substantive Securities Law Requires Consideration of All of the Attached Documents**

A. **The Securities Statutes Require Courts to Consider a More Robust Record on a Motion to Dismiss**

In general, when deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts may consider facts stated in the complaint, facts in documents attached to the complaint as exhibits, facts incorporated into the complaint by reference, and facts of which the court may take judicial notice. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). At this early stage, courts also "take the well-pleaded factual allegations in the complaint as true" and draw all reasonable inferences in favor of the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). In these and other respects, federal procedural law, in general, gives plaintiffs a great deal of latitude and the full benefit of the doubt at the motion to dismiss stage.

Federal *substantive* securities law, however, strikes a different balance, and compels courts to consider a broader array of materials and conduct a more rigorous analysis when evaluating the sufficiency of securities class action complaints. Congress enacted the Private Securities Litigation Reform Act of 1995 ("Reform Act") "[a]s a check against abusive litigation" because it was concerned by "nuisance filings, targeting of deep-pocket defendants, vexatious discovery requests and manipulation by class action lawyers." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313, 320 (2007). To prevent meritless securities class actions, the Reform Act, which amends the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), imposes heightened requirements for pleading that a challenged statement was false or misleading, and that it was made with intent to defraud (scienter). Congress specified that the

district court "shall dismiss the complaint" on a motion to dismiss if it does not meet the Reform Act's heightened pleading standard.

Consistent with this intent, two important Supreme Court cases have construed the relevant federal securities statutes—the Securities Act, the Exchange Act, and the Reform Act—as requiring courts to consider the *full factual context* in evaluating allegations of falsity and scienter. In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), the Supreme Court considered what it means for a plaintiff to plead a "strong inference" of scienter, and concluded that this inquiry is "inherently comparative" and requires courts to consider not only the complaint but also documents incorporated by reference and matters of which courts may take judicial notice. *Id.* at 322-23. The Court also held that this analysis requires courts to "consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff"—a significant departure from the usual rule that courts draw all reasonable inferences in favor of the plaintiff at the pleading stage. *Id.* at 324.

In *Omnicare Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), the Court reached a similar conclusion with respect to the element of falsity, holding that this too requires courts to consider not only the full statement being challenged and the context in which it was made, but also other statements made by the company and other publicly available information, including the customs and practices of the relevant industry. *Id.* at 190-91 (whether a statement is false or misleading "always depends on context" and requires consideration of, among other things, "all its surrounding text, including hedges, disclaimers, and apparently conflicting information" as well as "the customs and practices of the relevant industry"); *see also Tongue v. Sanofi*, 816 F.3d 199, 213 (2d Cir. 2016) (affirming district court's consideration of "industry-standard dialogue" between the FDA and new drug applicants in

3

dismissing securities class action).

Together, these Supreme Court decisions, and the federal securities statutes on which they are based, compel courts to consider the full range of publicly available, judicially noticeable, and incorporated documents and information for context when evaluating the sufficiency of securities claims.

### B.  Substantive Law Trumps Incompatible Procedural Rules

Under the Rules Enabling Act, substantive law defines the scope of what courts may consider and for what purposes; to the extent that general procedural rules are inconsistent with substantive law, they must give way. 28 U.S.C. § 2072(a)-(b) ("[G]eneral rules of practice and procedure and rules of evidence . . . shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."). The Supreme Court has explained that a procedural rule infringes—and therefore must yield to—substantive rights "if it alters the rules of decision by which the court will adjudicate those rights," as opposed to "governing only the manner and the means by which the litigants' rights are enforced." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010).

Here, the substantive securities statutes, as interpreted by the Supreme Court, require courts to consider the full factual context of the challenged statements and conduct—and weigh competing inferences, rather than construing all inferences in the plaintiffs' favor—when evaluating whether plaintiffs have sufficiently pleaded the falsity or scienter elements of their securities claims. These are substantive rules that prescribe a more expansive and rigorous analysis by which the sufficiency of securities class action complaints specifically are to be judged. To the extent this substantive law mandate is incompatible with the general procedural rules that limit

consideration of outside materials on a motion to dismiss, the substantive securities laws must take precedence.

### C. Consideration of the Attached Documents Is Necessary in Order Properly to Evaluate the Sufficiency of the Amended Complaint

Accordingly, this Court should consider the documents listed below because each provides factual context that is necessary for the Court to evaluate whether Plaintiffs have sufficiently pleaded that the challenged statements are false or misleading *in context*, and/or in order to weigh the competing inferences with respect to scienter. The Form 10-Ks that Eagle filed with the Securities and Exchange Commission ("SEC"), the Report to Shareholders, and Eagle's Commercial Lending Policy all are essential in order to understand the statements that Plaintiffs claim were false or misleading in the context in which a reasonable investor would have viewed them. For example, Plaintiffs quote Eagle's 2014 Form 10-K, filed on March 2, 2015, at some length and allege that many of the statements contained therein are false and misleading. Amended Complaint ("AC") ¶¶ 172-77. Consideration of additional portions of the 2014 Form 10-K is necessary in order to evaluate the alleged falsity of the challenged statements in their full context. Likewise, consideration of the attached Form 4 and Eagle's stock prices at various times during the alleged class period is necessary in order to weigh the competing inferences to be drawn from allegations Plaintiffs claim support scienter.[1]

Accordingly, it is both appropriate and necessary under Supreme Court substantive law for this Court to consider the following documents when determining whether Plaintiffs have

---

[1] For example, Plaintiffs claim that Mr. Paul's sale of 11.6% of his Eagle stock holdings during the class period supports a strong inference of scienter. AC ¶¶ 250-51. As explained in the Memorandum in Support of Defendants' Motion to Dismiss, the fact that Mr. Paul retained a large majority of his Eagle stock and options means that he subsequently suffered significant losses—almost twice as much as he made on his sales—when the stock price subsequently dropped over the course of the class period. Eagle's stock prices at the class period high and on the last day of the alleged class period are necessary in order to describe the magnitude of this loss and demonstrate that the more compelling inference is that Mr. Paul continued to believe in the Company and the value of its stock.

sufficiently pleaded the falsity and scienter elements of their claims:

1.      Eagle's 2019 Form 10-K, filed with the SEC on March 2, 2020 (excerpts attached as Ex. 1);

2.      Eagle's 2018 Report to Shareholders, *available at* https://www.eaglebankcorp.com/media/filer_public/60/fd/60fdb957-7d93-4301-94d4-28496d744c2d/eagle_bancorp_inc_2018_reporttoshareholders.pdf (attached as Ex. 2);

3.      Eagle's Commercial Lending Policy (excerpts attached as Ex. 3);

4.      Screenshot of Yahoo! Finance website reflecting Eagle's daily stock prices from the beginning of the alleged class period (March 2, 2015) through March 4, 2020 (excerpts attached as Ex. 4);

5.      Eagle's 2014 Form 10-K, filed with the SEC on March 2, 2015 (excerpts attached as Ex. 5);

6.      Form 4, filed with the SEC on December 4, 2017 (attached as Ex. 6);

7.      Eagle's 2017 Form 10-K, filed with the SEC on March 1, 2018 (excerpts attached as Ex. 7).

**II.      Federal Procedural Law Also Allows Consideration of the Attached Documents**

Consideration of the attached documents is also appropriate under the standard procedural rules regarding incorporation-by-reference and judicial notice.

**A. It Is Appropriate and Necessary for the Court to Consider Documents Referenced in or Integral to the Amended Complaint**

Even under the usual procedural rules governing motions to dismiss, documents that are referenced in or integral to a complaint may be considered regardless of whether they are physically attached to it. *See Kramer*, 937 F.2d at 773 (taking judicial notice of documents cited in securities fraud complaint). The Court should consider the documents listed below because each is specifically referenced in the Amended Complaint. Plaintiffs quote Eagle's 2014 Form 10-K and 2017 Form 10-K at length, and those documents include many of the statements Plaintiffs claim were false and misleading. Eagle's Lending Policy too is described and discussed in the

Amended Complaint. Accordingly, it is appropriate for the Court to consider these documents because they are incorporated by reference into, and/or are integral to, Plaintiffs' pleadings:

1.    Eagle's Commercial Lending Policy (excerpts attached as Ex. 3) (referenced at AC ¶ 46);

2.    Eagle's 2014 Form 10-K, filed with the SEC on March 2, 2015 (excerpts attached as Ex. 5) (referenced at AC ¶¶ 172-77);

3.    Eagle's 2017 Form 10-K, filed with the SEC on March 1, 2018 (excerpts attached as Ex. 7) (referenced at AC ¶¶ 202-07).

### B.  Judicial Notice of Eagle's Public Filings with the SEC Is Appropriate

A court ruling on a motion to dismiss may properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, No. 13 Civ. 1654(RA), 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (judicially noticed matters may be considered on a motion to dismiss because they are "not considered matters outside the pleadings" (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008))). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Second Circuit has concluded that SEC filings meet these requirements and may properly be considered at the motion to dismiss stage. *Kramer*, 937 F.2d at 774 (affirming consideration of SEC filings). The contents of SEC filings are considered facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," and because they are required by law to be filed with SEC, "no serious question as to their authenticity can exist." *Id.* (quoting Fed. R. Evid. 201(b)(2)) (finding it "highly impractical and inconsistent with Fed. R. Evid. 201" to preclude a district court from taking judicial notice of SEC filings in a Section 10(b) case). In particular, in weighing allegations that false or misleading

statements were made under Section 10(b), it is appropriate for a court to consider both "related documents that bear on the adequacy of the disclosure as well as documents actually alleged to contain inadequate or misleading statements." *Id.*

Accordingly, consideration of the following documents is appropriate because they are documents filed with the SEC and are matters of public record:

1.    Eagle's 2019 Form 10-K, filed with the SEC on March 2, 2020 (excerpts attached as Ex. 1);

2.    Eagle's 2014 Form 10-K, filed with the SEC on March 2, 2015 (excerpts attached as Ex. 5);

3.    Form 4, filed with the SEC on December 4, 2017 (attached as Ex. 6);

4.    Eagle's 2017 Form 10-K, filed with the SEC on March 1, 2018 (excerpts attached as Ex. 7).

### C.  Judicial Notice of Other Publicly Available Documents Is Appropriate

Finally, consideration of Eagle's 2018 Report to Shareholders and its historical stock prices is appropriate because they are publicly available information. In accordance with Federal Rule of Evidence 201, a court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment. *Staehr*, 547 F.3d at 426. Thus, courts may, and routinely do, take judicial notice of public stock prices, media coverage, and other publicly available information. *See, e.g.*, *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 166 n.8 (2d Cir. 2000) ("[T]he district court may take judicial notice of well-publicized stock prices . . . ."); *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming judicial notice of news articles and other publicly available information). Accordingly, it is appropriate for the Court to consider the following publicly available information:

1.    Eagle's 2018 Report to Shareholders, *available at* https://www.eaglebankcorp.com/media/filer_public/60/fd/60fdb957-7d93-4301-94d4-28496d744c2d/eagle_bancorp_inc_2018_reporttoshareholders.pdf (attached as Ex. 2);

2.  Screenshot of Yahoo! Finance website reflecting Eagle's daily stock prices from the beginning of the alleged class period (March 2, 2015) through March 4, 2020 (excerpts attached as Ex. 4).

## CONCLUSION

For the foregoing reasons, it is both necessary under substantive securities law and appropriate under federal procedural rules for this Court to consider the documents attached hereto. Accordingly, Defendants respectfully request that the Court consider these documents when deciding their Motion to Dismiss the Amended Class Action Complaint filed concurrently herewith.

Dated: New York, New York
       April 2, 2020

Respectfully submitted,

BAKER & HOSTETLER LLP

By:   */s/ Douglas W. Greene*
      Douglas W. Greene (*pro hac vice*)
      dgreene@bakerlaw.com
      Jessie Gabriel
      jgabriel@bakerlaw.com
      45 Rockefeller Plaza
      New York, NY 10111
      Telephone: 212.589.4200

      Genevieve York-Erwin
      gyorkerwin@bakerlaw.com
      999 Third Avenue, Suite 3600
      Seattle, WA  98104
      Telephone: 206.566.7079

      *Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed on April 2, 2020 with the Clerk of the United States District Court, Southern District of New York, using its electronic case filing system, CM/ECF, thereby serving all counsel of record in this case.

/s/ Douglas W. Greene
Douglas W. Greene

*Attorney for Defendants*