# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, JAMES H. LANGMEAD, and LAURENCE E. BENSIGNOR,<br><br>Defendants. | Case No. 1:19-cv-06873-LGS |

**DECLARATION OF LEAD PLAINTIFF DANILEE CASSINELLI, AS TRUSTEE OF THE DANILEE CASSINELLI TRUST DTD 7-23-93, IN SUPPORT OF:
(1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND
(2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

I, Danilee Cassinelli, declare as follows:

1.     I, as Trustee of the Danilee Cassinelli Trust DTD 7-23-93, am the Court-appointed Lead Plaintiff in the above-captioned securities class action (the "Action").[1]  I respectfully submit this declaration in support of: (a) Plaintiffs' motion for final approval of the proposed Settlement and the proposed Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses, including approval of my request to recover the reasonable costs and expenses I and my family incurred on behalf of the trust in connection with the representation of the Settlement Class in the prosecution of this Action.

2.     I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  I have personal knowledge of the matters set forth herein, as I have been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and I could and would testify competently to these matters.

## I.     LEAD PLAINTIFF'S OVERSIGHT OF THE LITIGATION

3.     The original Court-appointed lead plaintiff was Anthony Cassinelli, as Trustee of the Danilee Cassinelli Trust DTD 7-23-93.  ECF No. 33.  Anthony Cassinelli was my husband and co-trustee for the Danilee Cassinelli Trust DTD 7-23-93.  I have been actively involved in the prosecution of this case since November 30, 2020, when the Court substituted me, as Trustee of the Danilee Cassinelli Trust DTD 7-23-93, as Lead Plaintiff in this Action (ECF No. 57), following

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 28, 2021.  ECF No. 72-1.

1

Plaintiffs' Counsel's notice of suggestion of death and request for substitution of the lead plaintiff on November 25, 2020. ECF Nos. 55, 56.

4.    In fulfillment of my responsibilities as a Lead Plaintiff, I worked closely with Lead Counsel regarding the litigation and resolution of this case. For instance, following my substitution as Lead Plaintiff, I spent many hours researching Eagle Bancorp, reviewing documents filed in the case, speaking with Lead Counsel and, in general, getting up-to-speed on the Action.

5.    Thereafter, I: (a) regularly communicated with my attorneys regarding the posture and progress of the case, as well as strategy; (b) reviewed documents and Court Orders filed in the Action; (c) produced documents to my attorneys; (d) prepared for the mediation session by, among other things, discussing with counsel the mediation statements and mediation strategy; (e) consulted with counsel regarding settlement negotiations; (f) evaluated the Settlement Amount, conferred with counsel, and ultimately approved the Settlement; and (g) communicated with counsel regarding the process of finalizing the Settlement. With respect to the Settlement, I (along with my son, John Cassinelli), spent substantial time evaluating the Settlement and asking Lead Counsel questions, including approximately 8-10 telephone calls and frequent correspondence via email with Lead Counsel.

6.    In short, I have done my best to vigorously promote the interests of the Settlement Class and to obtain the largest recovery possible under the circumstances.

## II.    APPROVAL OF THE SETTLEMENT

7.    As detailed in the paragraphs above, through my active participation I was both well-informed of the status and progress of the litigation, and the status and progress of the settlement negotiations in this Action.

8.      Based on my involvement in the prosecution and resolution of the claims asserted in the Action, I believe the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of the risks of continued litigation, and I fully endorse approval of the Settlement by the Court.

## III.   LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### A.   Attorneys' Fees And Litigation Expenses

9.      I believe Lead Counsel's request for an award of attorneys' fees in the amount of 30% of the Settlement Fund is fair and reasonable in light of the work Plaintiffs' Counsel performed on behalf of the Settlement Class.

10.     I evaluated Lead Counsel's fee request by considering the quality and amount of the work performed, the recovery obtained for the Settlement Class, and the risks Plaintiffs' Counsel bore in prosecuting this Action on behalf of the Danilee Cassinelli Trust DTD 7-23-93, additional named plaintiff Norfolk County Retirement System, and the Settlement Class on a fully contingent basis, which included the fronting of all expenses.  I have authorized this fee request for the Court's ultimate determination.

11.     I further believe the litigation expenses for which Lead Counsel has requested reimbursement are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action.  Based on the foregoing, and consistent with my obligation to the Settlement Class to obtain the best result at the most efficient cost, I fully support Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

### B.   Lead Plaintiff's Litigation-Related Costs And Expenses

12.     I understand that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4).  For this reason, in connection

3

with Lead Counsel's request for reimbursement of Litigation Expenses, I respectfully request reimbursement for the costs and expenses that I and my family incurred directly relating to my representation of the Settlement Class in the Action.

13.    The time I and my adult children devoted to representing the Settlement Class in this Action was time that we otherwise would have spent at working, investing or on other activities and, thus, represented a cost to us.  I respectfully request reimbursement in the amount of $7,500 for the time I and my family devoted to participating in this Action.  I make this request based on the conservative estimate that I devoted approximately seven (7) hours to the litigation-related activities described above, and my three (3) adult children spent approximately 35 additional hours (combined) assisting me.  These hours do not include the time my husband spent on the litigation on behalf of the trust, which were significant.  While I do not have a record of the time he spent, I estimate, based on my recollection of his efforts, that he spent at least 50 hours performing his duties as Lead Plaintiff.  It is my belief that this request for reimbursement is fair and reasonable and that the time and effort I and my family devoted to this litigation was necessary to help achieve an excellent result for the Settlement Class under the circumstances.

## IV.    CONCLUSION

14.    In conclusion, I strongly endorse the Settlement as fair, reasonable, and adequate. I appreciate the Court's attention to the facts presented in my declaration and respectfully request that the Court grant: (a) Plaintiffs' motion for final approval of the proposed Settlement and  Plan of Allocation; (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses; and (c) my request for reimbursement of the reasonable costs and expenses incurred in prosecuting the Action on behalf of the Settlement Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

4

Executed on December 6th, 2021.

Danilee Cassinelli

_____

Danilee Cassinelli

5