# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, JAMES H. LANGMEAD, and LAURENCE E. BENSIGNOR,<br><br>Defendants. | Case No. 1:19-cv-06873-LGS |

**DECLARATION OF KATHLEEN KIELY-BECCHETTI ON BEHALF OF ADDITIONAL NAMED PLAINTIFF NORFOLK COUNTY RETIREMENT SYSTEM IN SUPPORT OF: (1) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND <u>REIMBURSEMENT OF LITIGATION EXPENSES</u>**

I, KATHLEEN KIELY-BECCHETTI, declare as follows:

1.      I am the Executive Director of Norfolk County Retirement System ("Norfolk County"), an additional named plaintiff in the above-captioned securities class action (the "Action").[1]  I respectfully submit this declaration in support of: (a) Plaintiffs' motion for final approval of the proposed Settlement and proposed Plan of Allocation; and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

2.      I am aware of and understand the requirements and responsibilities of a representative plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4.  I have personal knowledge of the matters set forth in this declaration as they pertain to Norfolk County and I could and would testify competently to these matters.

## I.   NORFOLK COUNTY'S OVERSIGHT OF THE LITIGATION

3.      Norfolk County filed a motion to be appointed lead plaintiff in this Action on September 23, 1019.  ECF Nos. 10-13.  However, after determining that Norfolk County did not have the largest financial interest in the case, Norfolk County filed a Notice of Non-Opposition.  ECF No. 22.

4.      Norfolk County was subsequently asked, and agreed, to participate in the Action as an additional named plaintiff.  Accordingly, Norfolk County was named as an additional named plaintiff in the Amended Class Action Complaint for Violations of the Federal Securities Laws.  ECF No. 37.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated June 24, 2021.  ECF No. 72-1.

1

5. During the litigation, Norfolk County received reports from Plaintiffs' Counsel, and discussed the prosecution of the Action, the strengths and risks of the litigation, and potential settlement. I communicated with counsel regarding the posture and progress of the case, provided materials to Plaintiffs' Counsel, evaluated the Settlement Amount, and conferred with counsel and approved the Settlement.

6. Norfolk County has done its best to promote the interests of the Settlement Class and to obtain the largest recovery possible under the circumstances.

## II. APPROVAL OF THE SETTLEMENT

7. As set forth above, Norfolk County was well-informed of the status and progress of the litigation and settlement.

8. Based on Norfolk County's involvement in the prosecution and resolution of the claims asserted in the Action, Norfolk County believes that the Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, particularly in light of the risks of continued litigation, and Norfolk County fully endorses approval of the Settlement by the Court.

## III. LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

9. Norfolk County believes Lead Counsel's request for an award of attorneys' fees in the amount of 30% of the Settlement Fund is fair and reasonable in light of the work Plaintiffs' Counsel performed on behalf of the Settlement Class.

10. Norfolk County evaluated Lead Counsel's fee request by considering the quality, scope, and amount of the work performed, the recovery obtained for the Settlement Class, and the risks Plaintiffs' Counsel bore in prosecuting this Action on behalf of Norfolk County, Lead Plaintiff, and other Settlement Class Members on a fully contingent basis, which included the

2

fronting of all expenses. Norfolk County has authorized this fee request for the Court's ultimate determination.

11.     Norfolk County further believes the litigation expenses being requested for reimbursement by Plaintiffs' Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, and consistent with Norfolk County's obligation to the Settlement Class to obtain the best result at the most efficient cost, Norfolk County fully supports Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

## IV.    CONCLUSION

12.     In conclusion, additional named plaintiff Norfolk County strongly endorses the Settlement as fair, reasonable, and adequate. I appreciate the Court's attention to the facts presented in my declaration and respectfully request that the Court grant: (a) Plaintiffs' motion for final approval of the proposed Settlement and Plan of Allocation and (b) Lead Counsel's motion for an award of attorneys' fees and reimbursement of litigation expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on December __15__, 2021, in __Canton__, Massachusetts.

_____
KATHLEEN KIRLY-BECCHETTI
Executive Director

3