

Joseph Cohen
jcohen@glancylaw.com
info@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
T: 310.201.9150

January 7, 2022

<u>**VIA ECF**</u>

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application GRANTED.  Lead Counsel and Plaintiffs shall file a single omnibus brief not to exceed fifteen pages.  Lead Counsel's request to file declarations and exhibits in excess of the limits as described in this letter is granted.  So Ordered.

Dated: January 10, 2022
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

> Re:  *Stein v. Eagle Bancorp, Inc. et al*, Case No. 1:19-cv-06873-LGS
> <u>Request to File Single Omnibus Reply Brief Due January 13, 2022</u>

Dear Judge Schofield:

My firm serves as Court-appointed Lead Counsel for Plaintiffs and the Settlement Class in the above-referenced action (the "Action").  By Order dated August 16, 2021, the Court preliminarily approved the proposed settlement of the Action.  ECF No. 77.  The Court set the settlement hearing for January 20, 2022, and ordered that papers in support of: (i) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, be filed by December 16, 2021.  *Id*.  Objections to the motions were due on December 30, 2021, and reply briefs are due on January 13, 2022.  *Id*.  On December 28, 2021, Tim Hamilton, a purported Settlement Class Member, filed an objection.  ECF No. 87 (as modified by ECF No. 88) (the "Objection").

Rather than filing two reply briefs of up to 10-pages each, Lead Counsel and Plaintiffs respectfully request leave to file a single omnibus reply not to exceed 15-pages.  The omnibus brief will address the Settlement Class's reaction to the motions and respond to the Objection.

Lead Counsel and Plaintiffs also respectfully request leave to file declarations and exhibits to declarations in excess of the limits set out in Rule III.B.3 of Your Honor's Individual Rules and Procedures for Civil Cases **if needed**.  Lead Counsel currently anticipates filing: (i) a declaration from the Claims Administrator updating the Court on the notice program, requests for exclusion and the standing of Mr. Hamilton to object to the Settlement, which may exceed the 10-page limit; (ii) a declaration from Lead Counsel with exhibits containing correspondence (*i.e.*, email and attachments) that may exceed the 15-page limit; and (iii) a short declaration from

Hon. Lorna G. Schofield
January 7, 2022
Page 2

the mediator, Jed Melnick, Esq., in support of final approval of the settlement.[1]  Lead Counsel is cognizant of the Court's time and desire for brevity and will endeavor to keep their filing as short as possible.

Lead Counsel conferred with Defense Counsel and they do not oppose this request. Thank you in advance for your consideration.

Very truly yours,

*s/ Joseph D. Cohen*
Joseph D. Cohen

JC/JDC

---

[1] Mr. Hamilton did not provide any information or evidence establishing his standing as a Settlement Class Member as required by the Court-approved Notice and the Court's August 16, 2021 Order Preliminarily Approving Settlement and Providing for Notice.  *See* ECF No. 86-3, Ex. A (Notice) at ¶78; ECF No. 77 (Preliminary Approval Order) at ¶18.  Lead Counsel have been engaged with Mr. Hamilton in an attempt to determine whether he is, in fact, a Settlement Class Member who has standing to object and that process is ongoing.  If there is ultimately a dispute as to Mr. Hamilton's membership in the Settlement Class, the email correspondence and other documentation may be submitted to the Court and may exceed 15-pages.