# EXHIBIT 2

```
                   SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
                                CIVIL DIVISION

-------------------------X
                         :
YALE WIESBERG,           :   Docket Number:  2021 CAB 000326
                         :
     Plaintiff,          :
                         :
     vs.                 :
                         :
EAGLE BANCORP, INC.,     :
 et al.                  :
                         :
     Defendants.         :
                         :   Monday, October 4, 2021
-------------------------X   Washington, D.C.
```

The above-entitled action came on for hearing before the HONORABLE FERN SADDLER, Associate Judge, in Courtroom Number 100.

APPEARANCES:

On Behalf of the Plaintiff:

JAMES FICARO, ESQUIRE

Washington, D.C.


On behalf of Eagle Bancorp:

RYAN SPIEGEL, ESQUIRE

PAUL CURNIN, ESQUIRE

MEAGHAN KELLY, ESQUIRE

Washington, D.C.

21-01653

**Diversified Reporting Services, Inc.**
1426 Duke Street
Alexandria, Virginia  22314
(202) 467-9200

APPEARANCES (CONTINUED):


On behalf of Ron Paul:

JOHN VILLA, ESQUIRE

Washington, D.C.


On behalf of Defendants Charles Livingston, James

Langneed and Susan Rio:

AITAN GOELMAN, ESQUIRE

Washington, D.C.


On behalf of Defendants Jose, Ludwig, Raffa,

Soltez, Soto and Weinstein:

TY KELLY, ESQUIRE

Washington D.C.


Also Present:

TIMOTHY HAMILTON, PRO SE

Washington D.C.

MR. HAMILTON:  I am still on.  I can see you.

THE COURT:  You can see me.  Okay.  And you can hear me obviously.

MR. HAMILTON:  Correct.  I can hear you.  Yes, ma'am.

THE COURT:  Okay.  So the Court has duly noted your objections on the record.  Is that clear, sir?

MR. HAMILTON:  Yes, it is, and I appreciate it.

THE COURT:  Okay.  May I rule, parties?

MR. CURNIN:  Yes, Your Honor.

THE COURT:  I see you now, Mr. Hamilton.  You can unmute yourself, sir.  Okay.

MR. HAMILTON:  Thank you, ma'am.

THE COURT:  All right.  The Court is ready to rule.  May I rule?  Anyone have any problems with that?

MR. CURNIN:  No, Your Honor.

THE COURT:  Speak up now.  Unmute and speak up now.

MR. FICARO:  No, Your Honor.

THE COURT:  Okay.  I'm going to make my findings, put it on the record.  This Court finds that Objector Timothy D. Hamilton has not met his burden in demonstrating that the settlement agreement does not confer a substantial benefit on Eagle Bancorp and was not the product of an arms-length negotiation or negotiations by competent

40

counsel.  The Court finds that when viewed against the standard for approval, as noted by the Court, the objection fails to provide a basis for the Court to find that the settlement is not fair, unreasonable or adequate.

In other words, putting it in the affirmative, the Court finds the settlement is fair, reasonable and adequate. The Court finds that Eagle Bancorp has agreed to incorporate a series of corporate governance reforms in order to settle the action.  The Court finds that the board now comprises of a majority of directors who came into the board after the misconduct alleged occurred, that the settlement confers substantial benefits on the company and its shareholders in the affirmative that it is fair, reasonable and adequate and serves the company's best interest.

Additionally, the Court notes that the director's exercise of business judgment with respect to the settlement warrants judicial deference, Court noting the case of *Lunsford v. Woodforest National Bank.*  That's number 1:12-CV-103-CAP 2014 WL 12740375 at 4.  That's North District of Georgia, May 19th, 2014.  And stating that the Court will not substitute or should not substitute its business judgment for that of the parties regarding settlement.

In conclusion, parties, this Court concludes that the settlement confers a substantial benefit to Eagle

41

Bancorp, was negotiated at arm's length, and the settlement avoids the risk associated with further litigation. Henceforth, it is thusly approved. That is the Court's order.

MR. CURNIN: Thank you, Your Honor.

THE COURT: Okay. So in terms of the motion to dismiss filed by Mr. Timothy D. Hamilton, the Court does agree it should be denied as -- it's denied as moot, and it's denied period because it's not a part of this instant lawsuit. Is that clear, Mr. Hamilton? Unmute, please.

MR. HAMILTON: I'm sorry. I couldn't hear you, Your Honor.

THE COURT: Okay. The Court denies your motion to dismiss as moot, not appropriate because it's not a part of this action. Is that clear, sir?

MR. HAMILTON: I understand. Thank you, ma'am.

THE COURT: Thank you all very, very much. That concludes this hearing. The Court will issue the written order that came before us in Word form, not PDF. And so the Court will sign off with just a couple of grammatical changes, about two. Okay?

MR. FICARO: Thank you, Your Honor.

MR. CURNIN: Thank you, Your Honor.

THE COURT: All right. Thank you

MS. M. KELLY: Thank you. Thank you.

42

THE COURT:  Mr. Hamilton, Mr. Ficaro, Mr. Villa, Ms. Kelly, Meaghan Kelly, Mr. Spiegel, Ty Kelly and Paul Curnin, have a good rest of the day, what's left.  Stay safe and healthy.  You may --

MR. CURNIN:  You too.

THE COURT:  -- hang up.

MR. SPIEGEL:  Thank you, Your Honor.  You too.

THE COURT:  Okay.  Bye-bye.

(Thereupon, this concludes these proceedings.)

*   *   *   *   *

CERTIFICATE OF TRANSCRIBER

I, BRANDEE CAIN, do hereby certify that in my official capacity, I prepared from electronic recordings the proceedings had and testimony adduced in the matter of: YALE WIESBERG v. EAGLE BANCORP, et al., Docket Number: 2021 CAB 000326, in said Court on the 4th day of October 2021.

I further certify that the foregoing 43 pages were transcribed to the best of my ability from said recordings.

In witness whereof, I have subscribed my name this the 12th day of October 2021.

_____

Brandee Cain

TRANSCRIBER

44