# EXHIBIT E

# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NEW YORK 10017

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-202-455-2502

Direct Dial Number                                                                    E-mail Address

+1-212-455-2519                                                                pcurnin@stblaw.com

BY E-MAIL                                                              November 18, 2021

Re:  Eagle Bancorp.

Timothy D. Hamilton
504 Taylor Court
Cranberry Township, PA 16066
hamilton16066@gmail.com

Dear Mr. Hamilton:

The Board of Directors (the "Board") of Eagle Bancorp, Inc. ("Eagle" or the "Company")
has considered your letter dated September 1, 2021 (the "Demand").  The Board has authorized this
response.

The Board formed a committee (the "Demand Committee") to evaluate and make
recommendations to the Board concerning a demand letter dated December 5, 2019, from
shareholder Yale Wiesberg, as well as any future shareholder demand or derivative litigation
raising the same or substantially similar issues as the Wiesberg demand.  The Demand Committee
retained Simpson Thacher & Bartlett LLP ("STB") as independent counsel to assist with
evaluations of shareholder demands and recommendations to the Board.

The Board, after reviewing a recommendation from the Demand Committee, rejects your
Demand.  In summary: (i) by operation of law, the claims in your Demand are precluded by the
final settlement of the Wiesberg action,[1] (ii) you are not a suitable representative of absent
shareholders and therefore could not pursue a derivative claim on their behalf, and (iii) even if your
Demand were not precluded, pursuit of your claims would not be in the best interest of the
Company.

*     *     *

---

[1]     *See Wiesberg v. Eagle Bancorp, Inc.* et al, No. 2021 CA 000326 B (D.C. Super. Ct.).  Upon due consideration,
the court approved the Wiesberg settlement, finding that the settlement was "fair, reasonable, and adequate,"
and "confers substantial benefits on the company and its shareholders."  Wiesberg Final Order pp. 2-3; *see
also* Wiesberg October 4, 2021 Transcript ("Wiesberg Final Approval Transcript") at 41:12-13.

Tim Hamilton                          -2-                    November 18, 2021

First, as a threshold matter, you are precluded from asserting the claims in your Demand. The claims in your Demand amount to Released Claims governed by the court-approved Wiesberg settlement and as such were fully and finally released in exchange for the substantial corporate governance reforms and enhancements the Company agreed to implement as part of the settlement.[2]

Specifically, in the Wiesberg action, Released Claims were defined to include, among other things:

> all claims, debts, disputes, derivative or other demands . . . that . . . any Eagle Bancorp stockholder derivatively on behalf of Eagle Bancorp, (i) asserted in the complaint in the Derivative Action, including the Demand, or (ii) could have asserted in any complaint against the Defendants or Defendants' Related Persons in the Derivative Action or similar action, including the Demand, or in any other forum, that arise out of, or are based upon, any of the allegations, transactions, facts, matters, events, disclosures, non-disclosures, occurrences, representations, statements, acts or omissions, alleged, referred to, or implicit in the complaint filed in the Derivative Action, including the Demand.[3]

The court in the Wiesberg action unequivocally released and dismissed such Released Claims: "Pursuant to entry of this Judgment, . . . all of the Released Claims against each of the Defendants and their Related Persons[] are hereby dismissed with prejudice."[4]  Further, the court held that all Eagle shareholders are enjoined from seeking to prosecute any such claims.[5]

The core of the claims in your Demand are plainly covered by the above definition of Released Claims.  Your claims arose from and relate to the facts at issue in, or allegations arising from, the Aurelius Report, just as did the complaint in the Wiesberg action.  Your Demand specifically refers to the Aurelius Report several times.  (We note that you elaborated on the claims

---

[2]    As part of the Wiesberg settlement, the Board exercised its business judgment to preserve Eagle's right to consider bringing certain claims against Ron Paul in the future.  That right belongs exclusively to the Company and not to any of its shareholders as a result of the releases in the Wiesberg settlement.

[3]    Stipulation and Agreement of Settlement dated January 25, 2021 (the "Wiesberg Stipulation of Settlement"), ¶ 1.18.

[4]    Wiesberg Final Order pp. 2-3; *see also id.* ¶ 6 ("Upon the Effective Date, and pursuant to the terms of the Stipulation . . . each of Eagle Bancorp's shareholders . . . shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished, and discharged the Released Claims against Defendants' Released Persons and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Derivative Action against Defendants' Released Persons . . . .").

[5]    *See* Wiesberg Final Order ¶ 7 ("Upon the Effective Date, and pursuant to the terms of the Stipulation . . . each of Eagle Bancorp's shareholders . . . will be forever barred and enjoined from commencing, instituting or prosecuting any of the Released Claims or any action or other proceeding against any of Defendants' Released Persons based on the Released Claims or any action or proceeding arising out of, related to, or in connection with the settlement or resolution of the Derivative Action . . . .").

Tim Hamilton                              -3-                         November 18, 2021

in your Demand in your failed objection to the Wiesberg settlement; you would now be hard-pressed to contend that your Demand claims are so unrelated to the claims at issue in the Wiesberg settlement as not to constitute Released Claims.)  Accordingly, the claims in your Demand constitute Released Claims; those claims are released and cannot be asserted in your (or any) separate derivative action.  Because of this, the Board may reject your Demand on these grounds alone.

Second, the Board notes that you are not in a position to credibly assess or assert what is in the best interest of the Company or its other shareholders.  In short, you have a disabling conflict of interest as a result of your personal direct claims against the Company asserted in your OSHA dispute with the Company.[6]

Third, while the Board need not go further, there are additional reasons that would contribute to the Board's business judgment to reject your Demand.  These reasons include, but are not limited to, the fact that litigation and regulatory investigations remain pending regarding the subject matter of your Demand, the extremely high legal standards to prevail in a derivative suit and the attendant low likelihood of success in meeting those standards, as well as the potentially significant economic and reputational costs associated with a derivative suit and your other demands, which would likely outweigh any potential benefits to the Company.  Accordingly, the Board finds that pursuing the claims in your Demand would not be in the best interest of the Company or its shareholders.

The Board reserves its right to respond further on the merits at any time.

For the foregoing reasons, among others,[7] the Board, consistent with the recommendation of the Demand Committee, has determined to reject your Demand.

The Board's rejection of your Demand is an exercise of the Board's business judgment and therefore is subject to the "presumption of disinterestedness, independence and reasonable decision-making" that applies "to all business decisions made by a corporate board of directors."[8] By serving your Demand on the Board, you conceded that the Board is independent and capable of

---

[6]  *See, e.g.*, *Youngman v. Tahmoush*, 457 A.2d 376, 379 (Del. Ch. 1983) ("A plaintiff in a derivative action must be qualified to serve in a fiduciary capacity as a representative of [the other shareholders], whose interest is dependent upon the representative's adequate and fair prosecution."); *Boland Trane Assocs. v. Boland*, No. 273284-V, 2012 Md. Cir. Ct. LEXIS 2, at *46 & n.14 (Md. Cir. Ct. June 6, 2012) (granting summary judgment dismissing a derivative action because, among other things, the shareholder plaintiff had direct claims against the company and therefore could not adequately represent other shareholders in connection with derivative claims); *see also Bennett v. Damascus Cmty. Bank*, No. 267722-V, 2006 Md. Cir. Ct. LEXIS 14, at *11-12 (Md. Cir. Ct. Apr. 6, 2006) (holding that a shareholder was "not a proper derivative plaintiff" because he had "interests materially different from those held by the other Bank shareholders, notably his alleged wrongful termination as corporate officer").

[7]  This is not an exhaustive summary of the Board's reasons and considerations. The Board reserves the right to supplement and/or amend this letter at any time in its sole discretion.

[8]  *See Oliveira v. Sugarman*, 152 A.3d 728, 736 (Md. Ct. Spec. App. 2017).

Tim Hamilton                                    -4-                          November 18, 2021

making this determination, and you have waived any argument that the Board is incapable of independently considering the Demand.[9]

Very truly yours,

/s/ *Paul C. Curnin*

Paul C. Curnin

---

[9]    *See Bender v. Schwartz*, 917 A.2d 142, 152 (Md. Ct. Spec. App. 2007) ("By making a demand [on a board], the shareholder(s) 'are deemed to have waived any claim they might otherwise have had that the board cannot independently act on the demand.'") (quoting *Scattered Corp. v. Chicago Stock Exchange*, 701 A.2d 70, 74 (Del. 1997)) (affirming dismissal of shareholder derivative action and rejecting plaintiff's claim that the board wrongfully refused plaintiff's demand); *see also Bennett*, 2012 Md. Cir. Ct. LEXIS 2, at *8 ("[B]y making a pre-suit demand, [the plaintiff] has conceded the independence and disinterestedness of the Board and is not entitled to rely on the futility exception to the demand rule.").