**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, JAMES H. LANGMEAD, and LAURENCE E. BENSIGNOR,<br><br>Defendants. | Case No. 1:19-cv-06873-LGS |

**DECLARATION OF MEDIATOR JED MELNICK, ESQ. IN SUPPORT OF MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Jed Melnick, hereby declare as follows:

1.      I was engaged by the parties to mediate the above-captioned action (the "Action").  I make this declaration based on my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      I presided over a full-day virtual mediation between Lead Plaintiff Danilee Cassinelli, as Trustee of the Danilee Cassinelli Trust DTD 7-23-93 ("Lead Plaintiff"), and additional plaintiff Norfolk County Retirement System (collectively with Lead Plaintiff, "Plaintiffs"), and defendants Eagle Bancorp, Inc. ("Eagle"), Susan G. Riel, Ronald D. Paul, Charles D. Levingston, James H. Langmead, and Laurence E. Bensignor (collectively "Defendants," and together with Lead Plaintiff, the "Parties") on April 13, 2021.  All of the Parties who participated in the mediation of this matter executed a confidentiality agreement indicating that the mediation process was to be considered confidential and privileged under all applicable state and federal rules protecting disclosures made during such process from later discovery and/or use in evidence.  The Parties further agreed that the confidentiality agreement extends to all present and future civil, judicial, quasi-judicial, arbitral, administrative, and other proceedings.  Nothing in my declaration divulges any privileged information.  Further, the filing of this declaration does not constitute the waiver of any such confidentiality.

3.      I have been a full-time mediator for more than sixteen years, and am a panelist at JAMS.  Prior to my time as a neutral, I was an attorney in Pennsylvania for more than five years. Since becoming a full-time mediator in 2005, I have resolved over one thousand disputes, with an aggregate value in the billions of dollars.  I have extensive experience assisting in the settlement of many different types of complex actions, including securities class actions, antitrust class actions, ERISA actions, intellectual property actions, environmental cases, subprime litigation, litigation with bankruptcy aspects, and litigation brought by borrowers, credit card customers, and insurance purchasers.  Many cases in which I have served as a neutral have included numerous plaintiffs and plaintiffs' counsel, as well as many defendants, defense counsel, and insurance carriers.

1

4. I set forth my background as a mediator above to provide context for the comments that follow, and to demonstrate that my perspective on the settlement of this Action is rooted in significant experience in the resolution of complex litigation. As described below, this matter presented significant and complicated legal, factual, and practical issues. The Parties were represented during the mediation process through zealous and able counsel, who negotiated aggressively and at arm's-length for their clients. I firmly believe that the $7.5 million settlement of this Action (the "Settlement") represents a fair and reasonable resolution of this complex and uncertain litigation. The Court, of course, will make determinations as to the ultimate "fairness" of the Settlement under applicable legal standards. From a mediator's perspective, however, I unreservedly recommend the agreed upon Settlement as reasonable, hard-fought, arm's-length, and accurately reflective of the potential risks and rewards of the claims being settled.

5. In January 2021, Glancy Prongay & Murray LLP ("Lead Counsel") and Baker & Hostetler LLP ("Defense Counsel") contacted me to request my assistance in mediating this Action. The Parties agreed to a private mediation to be held by video conference on April 13, 2021. In advance of the mediation, Lead Counsel and Defense Counsel exchanged, and provided to me, detailed and extensive mediation statements outlining their respective analyses of the claims and defenses at issue in this case.

6. All Parties attended and participated in the mediation, including Eagle's General Counsel, the Executive Chair of Eagle's Board of Directors, and Eagle's insurers.

7. At the mediation, both Lead Counsel and Defense Counsel vigorously advocated for their respective clients, and explored the possibility of a resolution in good faith. At the conclusion of the full-day mediation, however, the Parties were unable to reach a compromise.

8. Over the following several days, I conducted further discussions with the Parties, wherein the Parties continued to strongly advocate on behalf of their clients. These extended negotiations ultimately culminated in a mediator's proposal of $7,500,000 (the "Mediator's Proposal"). The Mediator's Proposal was in a range that I believed reasonably reflected the

2

Parties' factual and legal positions, and also took into consideration the risks and costs of continued litigation.  The Parties agreed to accept the Mediator's Proposal on April 19, 2021.

9.      There were many significant legal risks facing Plaintiffs, including: the risk of an adverse ruling on the fully briefed motion to dismiss that could potentially curtail Plaintiffs' potential recovery; and complicated issues related to falsity, scienter, loss causation, and damages.  Based on my involvement as mediator, I believe that the Settlement represents a fair recovery for the settlement class in light of those risks.

10.     Finally, the Settlement was the product of hard-fought litigation and arm's-length negotiations.  I believe it is in the best interests of the settlement class to obtain the immediate and certain recovery conferred by the Settlement and avoid the risks of additional litigation through class certification, summary judgment, and trial.

11.     Although clearly an issue for the Court to decide, based on my knowledge of this Action, all of the materials provided to me, the extensive efforts of skillful advocacy and arm's-length negotiations of counsel, the litigation risks, and the benefits conferred by the proposed Settlement, it is my view that the Settlement is a fair, reasonable, and adequate resolution of this Action, and I respectfully recommend that it be approved by this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  13 th day of January, 2022, at _____, ___.

_____

Jed Melnick

3