**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------X
SHIVA STEIN, Individually and On Behalf   :
of All Others Similarly Situated,         :   Case No.: 1:19-CV-06873-LGS
                                          :
                    Plaintiff,            :
                                          :
         -against-                        :
                                          :
EAGLE BANCORP, INC., SUSAN G. RIEL,       :
RONALD D. PAUL, CHARLES D.                :
LEVINGSTON, JAMES H. LANGMEAD,            :
and LAURENCE E. BENSIGNOR,                :
                                          :
                    Defendants.           :
                                          :
---------------------------------------------------------X
```

## Declaration of Paul Saltzman

I, Paul Saltzman, hereby declare as follows:

1.      I have been employed by Eagle Bancorp, Inc. ("Eagle" or the "Company") as Chief Legal Officer since January 2020 and have direct knowledge of the various matters that are the subject of this settlement hearing, including the matters raised in the objection by Timothy D. Hamilton.

2.      I participated in settlement discussions with Lead Plaintiff's counsel, including mediation under the auspices of Jed Melnick, Esq. of JAMS, which resulted in the parties settling this matter. I also was involved in the process leading to the settlement of a demand on Eagle's Board of Directors ("Board") by Eagle shareholder Yale Wiesberg ("Wiesberg Demand" and "Wiesberg Settlement").

3.      Mr. Hamilton's objection fails to raise any facts that were not already disclosed to Lead Plaintiff's counsel prior to the settlement or reasonably contemplated by such disclosures (*i.e.*, settlements and/or enforcement actions). Prior to mediation, I participated in conference

1

calls with Lead Plaintiff's counsel during which the status of various government investigations were discussed and at least one conference call during which Mr. Hamilton's Occupational Safety and Health Administration ("OSHA") complaint was discussed.

4.      Eagle terminated Mr. Hamilton's employment in May 2020.

5.      In October 2020, Mr. Hamilton filed a complaint against Eagle with OSHA. Eagle believes Mr. Hamilton's allegations are meritless, and it is defending itself in that forum, the appropriate venue to adjudicate the personal grievances Mr. Hamilton has raised against Eagle for terminating him. The OSHA matter is still pending.

6.      Since the filing of the OSHA complaint, Mr. Hamilton has used various means outside of the OSHA forum to complain about Eagle and its current and former officers and directors.

7.      Mr. Hamilton was the *only* shareholder to object to the Wiesberg Settlement in the Superior Court of the District of Columbia. Mr. Hamilton objected despite the fact that the settlement required Eagle to undertake significant governance reforms; it was a result of arm's length negotiations; it was approved by an independent committee of the Board comprised by directors who did not serve Eagle during the period covered by the class action (the "Demand Committee"); and it preserved claims against Eagle's former CEO, Ronald D. Paul.  Mr. Hamilton provided the D.C. Superior Court with the same information set forth in his objection to the settlement of this matter. In approving the settlement over Mr. Hamilton's objection, the judge provided Mr. Hamilton with a full opportunity to be heard and determined that the settlement of the Wiesberg Demand was "fair, reasonable, and adequate."

8. In addition, Mr. Hamilton filed a demand letter with the Board that was precluded by the Wiesberg Settlement. The Demand Committee, working with its independent legal counsel, rejected Mr. Hamilton's demand on November 18, 2021.

9. In addition, Mr. Hamilton has submitted two shareholder proposals (once again repeating the same issues raised in the objection) to the Board in an effort to disrupt Eagle's annual shareholder meeting. The first, which Mr. Hamilton submitted in April 2021, over a week after Eagle had filed its 2021 proxy statement, was deemed out of order under Eagle's by-laws by the Board's Governance and Nominating Committee. Eagle provided Mr. Hamilton with an opportunity to address the Governance and Nominating Committee's concerns before the Board considered his proposal, but he withdrew his proposal instead of revising it. The second proposal, which Mr. Hamilton submitted in July 2021 to be included in Eagle's 2022 proxy materials, is pending. I believe Eagle will receive a no-action letter from the SEC allowing it to exclude Mr. Hamilton's proposal from its 2022 proxy materials on multiple grounds.

10. Prior to entering mediation, Eagle evaluated the costs and benefits associated with continuing to litigate this matter, including by working with forensic experts and outside legal counsel to understand possible damage awards. Eagle's Board, along with its Audit Committee and Demand Committee, ultimately concluded that, despite the strength of Eagle's defenses, it was in the best interests of the Company's shareholders to settle the matter on the terms reached by the parties following mediation with Mr. Melnick.

11. The amount of the settlement—$7.5 million—was near the top end of the range that Eagle was prepared to settle for based upon a number of factors, including the Board's assessment of Eagle's defenses, the costs of protracted litigation, outside forensic experts' analysis of possible damages, and concerns regarding exhaustion of the D&O insurance proceeds

available to the Company and for reimbursement of its indemnification of individuals' fees (which is now rapidly approaching).

I testify that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 13th day of January, 2022.

_Paul Saltzman_
_____
Paul Saltzman