# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, JAMES H. LANGMEAD, and LAURENCE E. BENSIGNOR,<br><br>Defendants. | Case No. 1:19-cv-06873-LGS |

## DECLARATION OF F. PAUL BLAND, JR. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR CLASS DISTRIBUTION ORDER

I, F. Paul Bland, Jr., declare as follows:

1.      I am Executive Director of the Public Justice.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.      Public Justice is a non-sectarian, not-for-profit 501(c)(3) organization that was founded in January 1982.

3.      Leveraging *cy pres* and other resources, Public Justice has been proud to advocate for investors who have been deceived by materially false and misleading statements concerning the stock offerors' financial positions.  In recent years, there have been efforts to block cases alleging violations of federal and state securities laws for investors through such devices as "loser pays rules" and bans on class actions, in IPO and corporate bylaws.  We have been active in advocating for the ability of shareholders to pursue their claims, and not to be barred or deterred from doing so.

4.      Along with the Consumer Federation of America and other allies, Public Justice is a leader in the Secure Our Savings coalition, a collection of more than 40 organizations (including consumer advocacy organizations, unions, religious groups, and investor advocacy groups), who are speaking out strongly on behalf of investors and against forced arbitration of shareholder claims.  For particular pieces of advocacy, we also often enlist powerful allies such as the American Legion.  The coalition has served as a resource for reporters, policy makers and the public.  The coalition has also engaged in advocacy, such as sending letters to the S.E.C. and Members of Congress speaking out against terms that would bar or deter investors from pursuing claims under the federal and state securities laws.  Several of these letters led to both the S.E.C. announcing some changes in policy, and led to several members of Congress contacting the S.E.C. to urge it to do more to protect private lawsuits enforcing the securities laws.

1

5.      Public Justice also provides valuable information to investors, consumers, and others through publications, information clearinghouses, and participation in educational seminars. We have invested in our communications capacity to produce high-quality coverage and built strong relationships with key media contacts.

6.      As proposals to limit cases brought by investors under the federal and states securities laws have gained prominence in recent years, Public Justice attorneys have presented at educational programs for both investors and attorneys who represent them.  Over the past several years, I have personally appeared at more than two dozen continuing legal education programs, including programs of the Institute for Law and Economic Policy, a public policy research and educational foundation whose mission is to preserve, study and enhance investor and consumer access to the civil justice system.  I have also appeared at several programs of the National Association of Shareholder and Consumer Attorneys (NASCAT), to address threats to securities lawsuits.  In addition, Public Justice attorneys have spoken to, written for, and appeared at a number of events and programs to audiences of institutional investors about the threats to private enforcement of the securities laws.

7.      Moreover, Public Justice staff have been honored to write articles addressing threats to cases under the federal and state securities laws (*e.g.*, "When is a Contract Not a Contract? Snow Shoveling, Unilateral Amendment, and Delaware's ATP Decision," by Paul Bland and Karla Gilbride, Spring 2015).  Somewhat differently, we have also published blog posts (such as http://www.publicjustice.net/schwab-prefers-no-regulation/ and http://www.publicjustice.net/contentbrief-argues-finra-not-preempted-brokerage-firms-cannot-ban-class-actions/).  We have also co-authored articles with people such as John Chiang, the former State Treasurer of California (*e.g.*, "SEC must not silence voice of Wells Fargo investors," *San Francisco Chronicle*, April 22, 2018).

2

8.      Public Justice attorneys have also been widely quoted in press stories in the debate over limitations on the ability of investors to bring claims under the federal and state securities laws.  *See, e.g.*, Ethan Wolff-Mann, "Shareholders may lose their ability to sue a company if it defrauds them," *Yahoo Finance*, May 1, 2018; Alison Frankel, "The Case against mandatory shareholder arbitration," *Reuters*, August 22, 2018; Susan Antilla, "Will shareholders lose the right to sue over corporate fraud?" *The Intercept*, August 21, 2018; Diane Hembree, "If the SEC Guts Fraud Protections for Shareholders, More than Our Retirement Savings Are at Risk," *Forbes*, May 31, 2018.

9.      We will continue to tell stories to raise awareness about the value of securities class actions, and to analyze and attack proposals to wipe away these cases.  We will also continue to research and strategize with our coalition partners about potential legislative and other initiatives to ensure that investors can bring class actions in court.

**Public Justice Participation in Amicus Briefs in Securities Cases**

10.     Public Justice has also filed amicus briefs in support of investors in several key cases in recent years.  Some illustrations of this work include:

A. *Erica P. John Fund, Inc. v. Halliburton Co.* (U.S. Supreme Court).  Public Justice joined in an amicus brief arguing for the preservation of long standing U.S. Supreme Court precedent supporting investors' ability to argue for class action treatment of securities claims based upon a presumption that markets operate efficiently.

B. *In the Matter of Department of Enforcement Complainant v. Charles Schwab & Co. Inc.* (FINRA National Adjudicatory Council, No. 2011029760201).  Public Justice submitted, with AARP and the National Consumer Law Center, an *amici curiae* challenging Schwab's position that the Federal Arbitration Act (FAA) preempts

3

FINRA rules, and therefore allows brokerage houses to amend its investor contracts to ban class actions by shareholders bringing securities-related claims.

C. *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds* (U.S. Supreme Court, No. 11-1085). Public Justice submitted an *amici curiae* brief in support of investors who were defrauded by pharmaceutical giant Amgen, a leading manufacturer of drugs. The case involved a challenge to the district court certification for class action treatment of a securities action against Amgen alleging that the company knowingly or recklessly made materially misleading statements and omissions concerning two of Amgen's flagship products; we refuted Amgen's arguments that securities lawsuits unfairly target the pharmaceutical industry with frivolous litigation.

D. *Roberts v. Triquint Semiconductor, Inc.* (Supreme Court of the State of Oregon, No. S062642). In this case, the defendant sought to force the adoption of a new forum selection by-law without the vote of the corporation's stockholders, effectively eliminating shareholders' ability to bring the defendant to court for any wrong-doing. Public Justice joined an *amici curiae* brief that argued, among other things, that such anti-investor by-law changes should not be permissible where individuals have not agreed to them.

**_Cy Pres_ Awards To Public Justice In Securities Related Cases**

11.     Public Justice has also filed a host of amicus briefs in federal and state appellate courts on other issues relating to the civil justice system in cases that were not narrowly involving securities fraud claims.

12.     Because of Public Justice's record of success and commitment to ensuring that *cy pres* awards are properly used, numerous courts have directed that the Public Justice Foundation

be awarded *cy pres* funds. Since 2010, we have gratefully received the following *cy pres* designations originating from the following securities fraud-related cases:

    A. *In re Braskem S.A. Securities Litigation* (U.S. – Southern District of New York, No. 15-CV-05132);

    B. *Noble v. Greenberg Traurig* (California, Superior Court of Alameda County, No. RC 11593201);

    C. *In re: Mannkind Corp. Securities Litigation* (U.S. – Central District of California, No. 2:11-cv-00929-GAF-SS);

    D. *In re: Iomega Securities Litigation* (U.S. – District of Connecticut, No. 3:86-cv-00257);

    E. *In re: Coastal Physicians Group Securities Litigation* (U.S. – Middle Dist. of North Carolina, No. 1:95-cv-00306);

    F. *Leumi Gemel, Ltd. v. ECtel, Ltd., et al.* (U.S. – Dist. of Maryland, No. 8:04-cv-03380-RWT);

    G. *Gross v. Medaphis Corp.* (U.S. – Northern Dist. of Georgia, No. 1:96-cv-02088-TWT);

    H. *Hoffman vs. Avant! Corporation, et al.* (U.S. – Northern Dist. of California, No. 5:97-cv-20698);

    I. *In re: Hovnanian Enterprises, Inc. Securities Litigation* (U.S. – Dist. of New Jersey, No. 2:08-cv-00999 (SDW) (MCA));

    J. *Scheiner v. i2 Technologies, Inc., et al.* (U.S. – Northern Dist. of Texas, No. 3:01-cv-00418-L);

    K. *In re: FLAG Telecom Holdings, Ltd.* (U.S. – Southern Dist. of New York, No. 1:02-cv-03400-CM-PED);

    L. *Addus Securities Litigation* (aka *Crotteau v. Addus Homecare Corporation, et al.*) (U.S. – Northern Dist. of Illinois, No. 1:10-cv-01937);

    M. *Rentech Securities Litigation Settlement* (U.S. – Central Dist. of California, No. 2:09-cv-09495-GHK-PJW);

    N. *In re: Rambus Securities Litigation* (U.S. – Northern Dist. of California, No. 5:06-cv-04346-JF; C-07-1238-RMV); and

    O. *Bachow v. Swank Energy Income Advisers LP, et al.* (U.S. – Northern Dist. of Texas, No. 3:09-cv-00262-K).

6

13.    Attached is further information about our advocacy.   I have appeared in more than two dozen continuing legal education programs in the last several years; a list of upcoming presentations and a great deal of additional information about our advocacy is available at www.publicjustice.net.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of August 2022.

F. Paul Bland

_____
F. Paul Bland, Jr.

6