**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, JAMES H. LANGMEAD, and LAURENCE E. BENSIGNOR,<br><br>Defendants. | Case No. 1:19-cv-06873-LGS |

**[PROPOSED] CLASS DISTRIBUTION ORDER**

Having considered all materials and arguments submitted in support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of the Motion, the Declaration of Luiggy Segura in Support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Segura Declaration"), and the Declaration of F. Paul Bland, Jr. in Support of Plaintiffs' Unopposed Motion for Class Distribution Order,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 28, 2021 (ECF No. 72-1) (the "Stipulation"). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Segura Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. As set forth in the Segura Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting Claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits C and D of the Segura Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claims set forth in Exhibit E of the Segura Declaration are approved.

4. As set forth in the Segura Declaration, no new Claims or responses to deficiency and/or rejection letters received after July 12, 2022 may be included in the distribution.

5. The Court authorizes payment of $58,441.32 from the Settlement Fund to the Claims Administrator for the balance of the fees and expenses incurred and to be incurred in connection with the claims administration process, as described in the Segura Declaration.

6. The Distribution Plan for the Net Settlement Fund as set forth in the Segura Declaration and accompanying exhibits is approved. Segura Declaration, ¶47. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY 90 DAYS AFTER ISSUE DATE." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Segura Declaration will irrevocably forfeit all recovery from the Settlement.

7. After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund nine (9) months after the Initial Distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. Additional redistributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional redistributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional redistributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such redistributions, would be cost-effective.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determine that no additional distributions are cost-effective, ~~then the funds will be donated to~~ Plaintiffs shall file a status letter stating how much of the Net Settlement Fund remains and what efforts have been made to distribute as much of the Net Settlement Fund as possible.

~~Public Justice, a non-sectarian, not-for-profit organization devoted to, among other things, investor education and advocacy.~~

9. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against (a) the Net Settlement Fund, Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or (b) Defendants or Defendants' Counsel, beyond the amounts allocated to them pursuant to this Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order.

10. The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claims and all supporting documentation one year after the Second Distribution, if that occurs, or, if there is no Second Distribution, two years after the Initial Distribution; and (b) electronic copies of the Claims and all supporting documentation one year after all funds have been distributed.

11. Payment of the remaining half of the attorneys' fee award approved by the Court in its Order Awarding Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 104) ~~is approved.~~ may be approved upon substantial distribution to the Settlement Class.  At such time as the Net Settlement Fund has substantially been distributed, Plaintiff's counsel may file a letter describing the distribution to date and seeking approval of the remaining attorneys' fee award.

So Ordered.

Dated: September 14, 2022

3

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4

SO ORDERED this _____ day of _____, 2022.

_____
The Honorable Lorna G. Schofield
United States District Judge